IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

LARRY A. EVANS,

        Petitioner,

V.                                              CIVIL ACTION NO. 3:03-2250

THOMAS McBRIDE, Warden,
Mt. Olive Correctional Complex,

        Respondent.

## FINDINGS AND RECOMMENDATION

Larry Evans, a state prisoner convicted by jury on three counts of an indictment charging first degree sexual assault and three counts charging incest and sentenced by the Court to consecutive fifteen to thirty-five year sentences on the sexual assault charges and five to fifteen years on the charges of incest, has filed a petition for writ of habeas corpus under the provisions of 28 U.S.C. §2254. In his petition, he alleges the occurrences of numerous irregularities occurring during the course of the state court proceedings. With his habeas petition Evans filed a motion asking that his petition be held in abeyance pending exhaustion of state court remedies. His motion was granted, and by order entered April 2, 2004, the case was placed on the inactive docket of the court. Thereafter, asserting that he had exhausted state remedies, Evans moved for reinstatement of his case to the active docket. His motion was granted, the case reinstated to the active docket and the respondent ordered to answer the petition. Respondent subsequently filed a motion to dismiss

for failure to exhaust state remedies, petitioner filed a response to the motion, respondent filed a reply and the matter is ready for decision.

Beyond the claims raised by petitioner on direct appeal of his conviction,[1] claims which are concededly exhausted,[2] he sought relief in the state courts on those and other claims[3] now raised in his federal habeas petition in the following manner:

Following refusal of his direct appeal to the Supreme Court of Appeals in October of 1995, a petition filed by Evans with the West Virginia Supreme Court, invoking that court's original jurisdiction, was refused without prejudice to his right to seek relief in the Circuit Court of Cabell County. Thereafter, in July of 1997, Evans filed a petition for writ of habeas corpus in the Circuit Court of Cabell County. The case was assigned and reassigned to at least three circuit judges[4] and numerous attorneys were appointed and subsequently relieved of their appointments during the pendency of the proceeding.[5] By "Final Order," entered December 1, 2003, relief was denied on the state habeas petition and it was dismissed with prejudice. No appeal was taken from

---

[1] Utilizing the captions set forth in the "Table of Contents" on pages i through iii of the petition, subparts A, B and C of the First Ground, the Second Ground, and subparts A and B of the Third Ground were raised in the petition for appeal and have been exhausted.

[2] See, Moore v. Kirby, 879 F.Supp. 592, 593 (S.D. W.Va. 1995).

[3] Claims which were not raised on direct appeal but were raised in collateral proceedings in state court are subparts D, E, F and G of the First Ground, subparts C and D of the Third Ground and the Fourth Ground.

[4] Petitioner complains of the manner in which his state habeas case was conducted and of the participation of a judge he believes was disqualified. The Court does not address the merits of these allegations since "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." Bryant v. State of Maryland, 848 F.2d 492, 493 (4th Cir. 1988). See also, Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998).

[5] It was during the pendency of the habeas proceedings in the circuit court that Evans filed the petition for writ of habeas corpus in this Court.

this decision.[6] Instead, Evans, acting pro se, filed a habeas petition invoking the original jurisdiction of the West Virginia Supreme Court of Appeals. On September 30, 2004, the Court refused the petition. Evans' case was then restored to the active docket of the Court.

Exhaustion of available state court remedies is required by statute[7] and case law,[8] and in West Virginia exhaustion is accomplished by raising claims on direct appeal of a conviction, Moore v. Kirby, 879 F.Supp. 592, 593 (S.D. W.Va. 1995), or in post-conviction proceedings. If raised in post-conviction proceedings in a circuit court, the denial of relief must then be appealed to the Supreme Court of Appeals of West Virginia. Bayerle v. Godwin, 825 F.Supp. 113, 114-15 (N.D. W.Va. 1993). Resolution of claims in post-conviction proceedings originating in the Supreme Court of Appeals will also satisfy exhaustion requirements; however, habeas petitions invoking the original jurisdiction of the West Virginia Supreme Court which are simply "refused," as were Evans'

---

[6] Evans asserts that he contacted his attorney and "reminded [him] that a timely appeal was necessary." His letter was mailed to counsel several months before entry of the final "Final Order," but at a time when he apparently thought an earlier "Final Order," disposing of some but not all of his claims, finally disposed of the case in the circuit court. Though not asserted as a ground for relief in his federal petition, Evans complains of counsel's failure to appeal the adverse habeas decision rendered in the circuit court. In this regard, the Court would only note that there is no constitutional right to counsel in state post-conviction proceedings, Pennsylvania v. Finley, 481 U.S. 551 (1987), that, as a consequence, attorney error is not characterized as a constitutional deprivation, and that "[i]n the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation...." Coleman v. Thompson, 501 U.S. 722, 754 (1991). See also, Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995); Quesinberry v. Taylor, 162 F.3d 273, 276 (4th Cir. 1998). It is, of course, also the case that a claim of ineffective assistance asserted as cause for failing to exhaust claims "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards v. Carpenter, 529 U.S. 446, 452 (2000), quoting Murray v. Carrier, 477 U.S. 478, 489 (1986).

[7] 28 U.S.C. §2254(b).

[8] See, Picard v. Connor, 404 U.S. 270 (1971); Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994); Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997).

1996 and 2004 petitions, are without prejudice, require further proceedings, and do not satisfy the requirement that a petitioner exhaust state court remedies. McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D. W.Va. 1986).

Based on the preceding, it is apparent that petitioner has exhausted only those claims he included in his petition for an appeal from his conviction. He has not exhausted the claims set forth in subparts D, E. F and G of the First Ground, subparts C and D of the Third Ground and the Fourth Ground of his petition, and when a petition contains both exhausted and unexhausted claims, a federal district court must dismiss the entire petition. Rose v. Lundy, 455 U.S. 509, 522 (1982).

## **RECOMMENDATION**

In the present case, presenting both exhausted and unexhausted claims,[9] dismissal is required unless petitioner chooses to amend his petition, deleting the unexhausted claims.[10] It is, accordingly, **RESPECTFULLY RECOMMENDED** that the Court advise petitioner that he has fourteen days within which to amend his petition deleting the unexhausted claims and that, in the absence of such an amendment, his petition will be dismissed without prejudice.[11]

Petitioner and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District

---

[9] Respondent has not argued that petitioner's unexhausted claims are now barred under state rules and the issue of a procedural bar has, as a consequence, not been addressed.

[10] See, Rose v. Lundy, supra at 520.

[11] Dismissal would, however, effectively foreclose return to federal court inasmuch as the one-year statute of limitations has run.

Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2254 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

    The Clerk is directed to file these Findings and Recommendation and to transmit a copy of the same to petitioner, respondent, and all counsel of record.

DATED: November 15, 2006

*[signature]*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE