IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON


LARRY A. EVANS,

        Petitioner,

V.                                   CIVIL ACTION NO. 3:03-02250

THOMAS McBRIDE, Warden,
Mt. Olive Correctional Complex,

        Respondent.


**<u>FINDINGS AND RECOMMENDATION</u>**


        Larry A. Evans, a state prisoner convicted by jury on all counts of an indictment in which he was charged, in three counts, with first degree sexual assault and in three counts with incest, was sentenced by a judge of the Circuit Court of Cabell County to fifteen to thirty-five year sentences on the sexual assault charges and five to ten years on the charges of incest, the sentences to run consecutively.[1]  Thereafter, Evans' petition for an appeal from his conviction was refused by the Supreme Court of Appeals of West Virginia, and a petition for writ of habeas corpus filed in the Circuit Court of Cabell County was denied.  Petitioner then filed a petition for writ of habeas corpus with this Court; however, with that petition he filed a motion, which was granted, asking the Court to hold his petition in abeyance pending exhaustion of state court remedies.  The case was

---

      [1]  The charges of sexual assault and incest involved Evans' step-daughter who was eight years old at the time of the offense and nine years old at the time she testified at trial.

subsequently reinstated to the active docket[2] and is presently pending before the Court on motion of respondent for summary judgment and to dismiss and petitioner's reply.

In his petition, Evans asserts that his constitutional right to due process was denied as a consequence of testimony presented at his trial by an expert on child abuse and a teacher and by prosecutorial misconduct arising out of comments made by the prosecutor during closing arguments.  Evans also asserts that counsel representing him at trial was ineffective.

As an initial matter, account is taken of the fact that the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes significant restrictions on the power of federal courts to grant relief in habeas proceedings initiated by state prisoners.  Thus, when, as in this case, claims asserted in a federal habeas petition have been adjudicated in state court[3] relief is available only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or the decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Section 2254(d)(2).  The critical phrases contained in Section 2254(d)(1) are "contrary to" and "unreasonable application," and the

_____

[2]  While petitioner sought a stay to allow him to exhaust state remedies, as a consequence of a failure to appeal the denial of habeas relief in the circuit court, the grounds raised in his present petition – set forth in an amended petition – are the same grounds set forth in his petition for an appeal from his conviction.

[3]  Evans' habeas petition was denied in a decision by a judge of the Circuit Court of Cabell County.  While the basis for decision is not always clear, nevertheless, "adjudication on the merits ... excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion."  Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999).  When a claim is summarily rejected, federal courts independently review the record and clearly established Supreme Court law; however, the issue remains whether the court's decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000).

Supreme Court has said that "independent meaning" must be given to both clauses.  <u>Williams</u> v.

<u>Taylor</u>, 529 U.S. 362, 402 (2000).  With respect to the first clause, a state court decision is contrary

to precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme]

Court on a question of law" or "the state court confronts facts that are materially indistinguishable

from a relevant Supreme Court precedent and arrives at a result opposite to" that reached by the

Court.  <u>Id.</u>  at 405.  With respect to the unreasonable application clause, a federal habeas court "may

grant relief under the 'unreasonable application' clause if the state court correctly identifies the

governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts

of the particular case."  <u>Bell</u> v. <u>Cone</u>, 535 U.S. 685, 694 (2002).  The focus of this "inquiry is on

whether the state court's application of clearly established federal law is objectively unreasonable"

as distinguished from being merely "incorrect."  <u>Id.</u>[4]

       Taking cognizance of these limits on federal court review of state prisoner habeas

proceedings, it is clear that the state court's adjudication of petitioner's claims that admission of an

expert's testimony alleged to vouch for the credibility of the minor victim and a teacher's testimony

that the minor victim "was telling the truth" precludes granting relief in this Court.

       During her testimony, Elizabeth Brachna, a social worker qualified as an expert in

evaluating sexually traumatized and sexually assaulted minors, stated that "very few times, as little

---

   [4]  In making this distinction the Court referenced its discussion of the "unreasonable application" clause in <u>Williams</u> v. <u>Taylor</u>, <u>supra</u> at 411, where it had pointed out that "a federal habeas court may not issue the writ simply because the Court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."

as two percent, are there false allegations in these situations"[5] and later, in response to questioning on cross-examination, she indicated that nationally two percent of allegations were false and that "one or two percent" of her cases "have been totally unfounded."  Patricia Reed, the victim's second grade teacher,[6] testified concerning the occasion on which the child advised her of instances of sexual abuse by petitioner.  During her testimony, she stated that the child "had never lied to me," and that she "knew the way she was telling me that she was telling me the truth."

As a consequence of the fact that petitioner's grounds for relief are those set forth in his petition for appeal to the West Virginia Supreme Court of Appeals, his claims are stated principally in terms of violations of state rules of evidence, i.e., seeking to enhance or bolster a witness's credibility before it has been attacked and offering testimony concerning a witness's truthfulness, not in general, but with respect to a particular occasion, violations of Rule 608, W.Va. R.Ev.  While it is, of course, true that federal habeas courts "do not sit to review the admissibility of evidence under state law," Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000),[7] petitioner is also contending that the admission of the testimony noted resulted in a denial of due process "by making his criminal trial fundamentally unfair."  To establish a right to relief under the Due Process Clause a habeas petitioner must show that admission of the testimony complained of, beyond

---

[5]  This testimony was not in response to a specific question from the prosecutor asking for such statistics.

[6]  The child was eight years old and in the third grade at the time of the offenses giving rise to defendant's conviction and nine years old and in the fourth grade at the time of trial.

[7]  Evidence rules do not, of course, "'set forth the constitutional parameters of admissible evidence,'" United States v. Fulks, 454 F.3d 410, 438 (4th Cir. 2006), and, in the absence of "circumstances impugning fundamental fairness or infringing specific constitutional protections," claims with regard to the admissibility of evidence in state trials provide no basis for relief in federal habeas proceedings.  Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).

violating state evidentiary rules, constituted "a 'failure to observe the fundamental fairness essential to the very concept of justice,'" <u>Donnelly</u> v. <u>DeChristoforo</u>, 416 U.S. 637, 643 (1974), and the Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly," limiting the inquiry to a determination of "'whether the action complained of ... violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions."'" <u>Dowling</u> v. <u>United States</u>, 493 U.S. 342, 353 (1990).[8]

       Admission of the testimony of the expert witness and that of the victim's teacher, while, perhaps, arguably error under state evidentiary rules, clearly does not rise to the level of a constitutional violation in this case. Ms. Brachna's testimony only inferentially bolstered the child's testimony. Importantly, the great bulk of her testimony related to the issue of whether the child victim "comports with the psychological and behavioral profile of a child sexual abuse victim" and her opinion, "based on objective findings that the child ha[d] been sexually abused," <u>State</u> v. <u>Edward Charles L</u>, 398 S.E.2d 123, 125, syl. Pt. 7 (W.Va. 1990), involved testimony clearly admissible under state evidentiary rules, testimony which did not infringe federal constitutional rights. With respect to Ms. Reed's testimony, although she clearly vouched for the child victim's credibility on a particular occasion, her testimony in this respect was principally concerned with explaining how she had learned of the abuse and the basis upon which she decided to act on the allegations. While "constitutional line-drawing ... is necessarily imprecise," <u>Donnelly</u> v. <u>DeChristoforo</u>, <u>supra</u> at 645, in light of the fact that the jury in this case was instructed to "carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which

---

    [8] <u>See</u> <u>also</u>, <u>McCafferty</u> v. <u>Leapley</u>, 944 F.2d 445, 452 (8th Cir. 1991)("An evidentiary error violates a defendant's due process rights only when the error complained of is so gross, conspicuously prejudicial or otherwise of such magnitude that it fatally infects the trial.").

tends to show whether a witness if worthy of belief" and advised that they were "the sole judges of the credibility of the witnesses and the weight their testimony deserves," the Court is of the view that the testimony complained of did not so infuse "'the trial with unfairness as to deny due process of law.'" Estelle v. McGuire, 502 U.S. 62, 75 (1991).  Moreover, under the standards noted the state habeas court's finding that the admission of the testimony of these witnesses was not an abuse of discretion was not contrary to or an unreasonable application of Supreme Court law.

        During her closing argument, the prosecuting attorney stated to the jury that the minor victim answered all her questions "truthfully and to the best of her knowledge."  She also made the following argument concerning the child's veracity:

> You know, there's no reason why – you know, she's not making up things as she goes along.  She's only simply telling you the truth.  And probably – the thing that she's said more than anything out of every single thing she said that convinces me she's telling the truth – still I get – I don't whether to laugh or cry when I think about it.  "Why did you finally tell somebody?"  You saw her face.  "If he did that to me, if he put that thing in my mouth, the next thing, he's going to want to kiss me."  Now, doesn't that sound like an eight-year-old?  That's the truth.  Convict him on all six counts.

While there appears to be nothing improper in simply stating that a witness has answered "truthfully" when there is no assertion of a personal opinion as to the witness's credibility,[9] the prosecutor's remarks to the effect that she was convinced of the truthfulness of the child's testimony by her explanation of why she did "finally tell somebody," could arguably be construed as improper vouching for the credibility of the witness.[10]  Relying on language in Lawn v. United States, 355

---

[9] See, State v. Asbury, 415 S.E.2d 891, 896 (W.Va. 1992); United States v. Sanchez, 118 F.3d 192, 198 (4th Cir. 1997)(improper vouching only when a prosecutor indicates personal belief in credibility of a witness).

[10] "Vouching" "occurs when a prosecutor indicates a personal belief in the credibility or honesty of a witness," United States v. Sanchez, supra at 198, while "bolstering is an implication

U.S. 339, 359 n. 15 (1958) to the effect that a government attorney who advised the jury that "'[w]e vouch for (Roth and Lubben) because we think they are telling the truth'" was not making an improper argument because he "did not say nor insinuate that the statement was based on personal knowledge or anything other than the testimony of the witnesses given before the jury," the Court in <u>United States</u> v. <u>Walker</u>, 155 F.3d 180, 187 (3rd Cir. 1998), held that "to find improper vouching two criteria must be met: (1) the prosecutor must assure the jury that the testimony of a government witness is credible; and (2) this assurance is based on either the prosecutor's personal knowledge, or other information not contained in the record."  From her remarks to the jury, it is apparent that the prosecutor was convinced of the truthfulness of the witness's testimony, not from anything outside of the evidence before the jury, but from testimony from the witness explaining why she finally told "somebody."

For prosecutorial misconduct to warrant federal habeas relief "it 'is not enough that the prosecutors' remarks were undesirable or even universally condemned.'"  <u>Darden</u> v. <u>Wainwright</u>, 477 U.S. 168, 181 (1986).  Rather, the comments must have "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" <u>Id. (Citing</u> <u>Donnelly</u> v. <u>DeChristoforo</u>, <u>supra</u>).  More specifically, in determining whether a prosecutor's argument prejudicially affected petitioner, the Court must consider: "(1) the degree to which the comments could have misled the jury; (2) whether the comments were isolated or extensive; (3) the strength of proof of guilt absent the inappropriate comment; and (4) whether the comments were deliberately made to divert the jury's attention."  <u>United States</u> v. <u>Sanchez</u>, <u>supra</u> at 198.  As has been observed,

---

by the government that the testimony of a witness is corroborated by evidence known to the government but not known to the jury."  <u>Id.</u>

it does not appear that the prosecutor's remarks were improper in light of the fact that she explained what evidence she was relying on in concluding that the witness was testifying truthfully, evidence which was before the jury.  Further, the court explained to the jury early in the proceedings that "what the lawyers say is not evidence" and that "[w]hat is evidence is what comes in from this witness stand that you feel is credible and want to give credit to."  The court also, as previously noted, instructed the jurors that they were "the sole judges of the credibility of the witnesses and the weight their testimony deserves."  In light of these circumstances, there is no reason to believe the jurors could have been misled by the remarks nor is there any basis for believing that the prosecutor's remarks "were deliberately made to divert the jury's attention."  The remarks were isolated and, while this was not a case in which medical examinations or other such evidence might have corroborated the testimony of the child victim, the evidence of petitioner's guilt appears strong from a simple reading of the transcript.[11]  Clearly, the alleged vouching by the prosecutor in this case did not infect "the trial with unfairness," and the state habeas court's determination that the prosecutor's remarks were neither prejudicial nor in violation of petitioner's constitutional rights was not contrary to or an unreasonable application of federal law as determined by the Supreme Court.

Petitioner also asserts that in a number of respects counsel representing him at trial was ineffective.  In ruling on this claim, the Court evaluates counsel's performance under standards established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), recognizing that the proper standard for attorney performance is that of "reasonably effective assistance" and that

---

[11]  The fact that the jury was out for only thirty minutes may be some indication of the strength of the prosecutor's case.

8

petitioner must establish not only "that counsel's representation fell below an objective standard of reasonableness" id. at 687-88, but also that counsel's deficient performance prejudiced the defense, i.e., that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different," "reasonable probability" being a probability "sufficient to undermine confidence in the outcome." Id. at 694.  The "performance inquiry" requires the court to consider "whether counsel's assistance was reasonable considering all the circumstances," id. at 688, and scrutiny of counsel's performance under the prescribed constitutional standard does not contemplate application of a "set of detailed rules for counsel's conduct," id., the Supreme Court having "declined to articulate specific guidelines for appropriate attorney conduct... ." Wiggins v. Smith, 539 U.S. 510, 521 (2003).  Recognizing the "constitutionally protected independence of counsel" and "the wide latitude counsel must have in making tactical decisions," the Supreme Court has admonished reviewing courts that, in resolving ineffectiveness claims, "scrutiny of counsel's performance must be highly deferential," that every effort must be made "to eliminate the distorting effects of hindsight" and that the challenged conduct must be evaluated "from counsel's perspective at the time." Strickland v. Washington, supra at 689.  Moreover, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id.  Utilizing these standards, the Court does not find in the motion or the record of this case any basis for concluding that counsel's performance was deficient.

Initially, petitioner complains of counsel's failure to object to the remarks of the prosecutor, the testimony of Ms. Reed and the testimony of Ms. Brachna.  Counsel did, of course,

9

object on one occasion to the testimony of Ms. Reed, though he could perhaps have objected on other occasions.[12]  Moreover, as previously noted, aside from parts of Ms. Reed's testimony, the Court does not find the testimony complained of to be inadmissible or the prosecutor's remarks in closing argument improper.  Petitioner's complaint with respect to counsel's failure to move for a directed verdict of acquittal at the conclusion of the state's case, only making the motion prior to closing argument, clearly provides no basis for relief.  In light of the testimony presented, there was simply no possibility that a motion for acquittal would have been granted and petitioner does not argue otherwise.  Accordingly, even if the delay in making the motion could be questioned, prejudice is not established.  During the course of the trial, the judge advised counsel that, during a break, he was approached by a juror who asked if he could "get one of the cards" from Ms. Reed and let the jury take a look at it."[13]  The judge informed the juror that he "could not and would not talk to him about it."  Petitioner complains that counsel failed to request an in camera hearing regarding the matter.  It appears that the juror was only inquiring about evidence which the jury might consider, his only contact was with the circuit judge and, from what the circuit judge said about the matter, there appears to be no reason to question the jurors' impartiality.  Certainly petitioner has suggested none, and, as a consequence, neither unreasonable conduct nor prejudice are established.  Next, petitioner complains that counsel failed to "present an expert or have the defendant evaluated to see if he fit the profile of a sexual offender."  There is, however, nothing in

---

[12]  Decisions on whether to object in cases involving child sexual abuse are particularly difficult and multiple objections may leave the jury with an impression that counsel is attempting to confuse witnesses or prevent the jury from hearing relevant evidence.  Accordingly, the presumption that counsel acted reasonably is especially relevant, and, in this case, petitioner has not overcome that presumption.

[13]  While not entirely clear, it appears the juror was referring to records Ms. Reed kept.

the record before the Court which would indicate that such a "profile" would have been helpful to petitioner or even that such a profile, if such are actually performed, would have been admissible. As the Court pointed out in <u>Evans</u> v. <u>Cockrell</u>, 285 F.3d 370, 377 (5th Cir. 2002), "complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative."  Absent any basis for concluding that an evaluation might have been helpful to petitioner's defense, there is no basis for finding counsel's performance deficient or his failure to have an evaluation performed and an expert witness at trial prejudicial.  Finally, petitioner complains that in his direct examination of the child's mother, a witness for the defense, counsel failed to explore whether her parents had ever rented adult movies and that when he did make such an inquiry on redirect, the court sustained an objection that the question was beyond the scope of direct.[14]  This complaint ignores the fact that the witness answered in the negative before the prosecutor had completed her objection and the court had ruled. Seemingly then, there is no basis other than speculation on which to conclude that this line of questioning would have been helpful to the defense and certainly no basis upon which to find that counsel's failure to raise the matter on direct examination of the witness was prejudicial to the defense.  Finally, it is in this instance as well apparent that the state court's conclusion that "Petitioner's attorney acted as a reasonable lawyer would have acted under the circumstances of the Petitioner's trial and case," was not contrary to or an unreasonable application of federal law as determined [by the] Supreme Court.

---

[14]  Petitioner contends that counsel "failed to ask about the adult movies that Ashley and [sic] apparently seen during direct examination."  Again, nothing presented indicates that the child had seen movies and petitioner has not contended that she did.

## RECOMMENDATION

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that relief be denied and that the petition for writ of habeas corpus be dismissed.

Petitioner and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2254 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to transmit a copy of the same to petitioner, respondent, and all counsel of record.

DATED:  September 15, 2008

MAURICE  G.  TAYLOR,  JR.
UNITED  STATES  MAGISTRATE  JUDGE

12