IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LARRY A. EVANS,

           Petitioner,

v.                                       CIVIL ACTION NO. 3:03-2250

THOMAS McBRIDE, Warden,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Petitioner Larry Evans' Objection to Magistrate Judge Maurice G. Taylor, Jr.'s Findings and Recommendation (doc. 30). Upon de novo review, for the reasons discussed below, the Court **DENIES** Petitioner's Objection and **ADOPTS** the Findings and Recommendation of Magistrate Judge Taylor (doc. 29).

**I. Procedural history**

      Petitioner was convicted of first degree sexual assault and incest in the Circuit Court of Cabell County. He was sentenced consecutively to fifteen to thirty-five years on the sexual assault charges and five to ten years on the incest charges. Petitioner appealed his conviction to the Supreme Court of Appeals of West Virginia, but his petition was denied. He also petitioned the Circuit Court of Cabell County for a writ of habeas corpus, but that petition was similarly denied. Next, Petitioner petitioned this Court for a writ of habeas corpus. With the petition, Petitioner also filed a motion to hold his petition in abeyance so that he could exhaust state remedies. The Court

then referred Petitioner's case to Magistrate Judge Taylor, who granted Petitioner's motion holding his petition in abeyance. After reinstatement of the case, Magistrate Judge Taylor considered Petitioner's arguments and recommended that the petition be denied.

## II. Discussion

Petitioner now objects to the Magistrate Judge's Findings and Recommendation. He argues that "[t]he Magistrate [Judge] state's (sic) that the admission of the testimony of the expert witness and that of the victim's teacher, was (sic) error under state evidentiary rules but, (sic) does (sic) not rise to the level of a constitutional violation." In Petitioner's view, "the admission of the expert witness and that of the victim's teacher's testimony does in fact denied (sic) him the right to Equal Protection (sic) of law as guaranteed by the Fourteenth Amendment to the US (sic) Constitution."

As an initial matter, the Court notes that the Magistrate Judge did not say conclusively in his Findings and Recommendation that admission of any of the testimony of either the expert witness or the victim's teacher was in error. Instead, he said that "perhaps" admission of each's testimony was "arguably" in error under West Virginia's evidentiary rules, but that it any event the error (if one exists) "clearly does not rise to the level of a constitutional violation in this case."

Although Petitioner frames his allegations as a violation of the Equal Protection Clause of the Fourteenth Amendment, it appears that his claims are more properly analyzed under the Fourteenth Amendment's Due Process Clause. The Due Process Clause prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 2. To establish such a deprivation, Petitioner must show that the alleged error "constitutes a failure to observe the fundamental fairness essential to the very concept of justice" and that it "so infected the trial with unfairness as to make the resulting conviction a denial of due

process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974) (internal quotations omitted). "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation. [The United States Supreme Court], therefore, ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly." *Dowling v. United States*, 493 U.S. 342, 352 (1990). According to the Supreme Court, courts "are to determine only whether the action complained of violates those fundamental conceptions of justice which lie at the base of our civil and political institutions and which define the community's sense of fair play and decency." *Id.* at 353 (internal quotations omitted). As the Fourth Circuit has stated previously,

> Normally, the admissibility of evidence . . . in state trials [is a] matter[] of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a habeas corpus petition is not to serve as an additional appeal.

*Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960).

In regards to the testimony of the expert witness, Petitioner apparently complains that this testimony violated his constitutional rights for up to three reasons. First, Petitioner essentially suggests that West Virginia Rule of Evidence 803(4) permits admission of unreliable evidence in the context of children speaking to their counselors or therapists. Second, he clearly takes issue with the admissibility under West Virginia law of expert testimony giving an opinion as to whether an alleged child sex abuse victim comports with the profile of such a person. Third, the Court reads Petitioner's reference to the Magistrate Judge's finding that admission of the expert's testimony may have been "[in] error" as suggesting that the expert improperly gave an opinion as to her own belief of the victim's credibility.

These arguments can be dismissed with relative ease. First, the Court does not believe that Rule 803(4) "violates those fundamental conceptions of justice which lie at the base of our civil and

political institutions and which define the community's sense of fair play and decency." *Dowling*, 493 U.S. at 353. Rule 803(4) admits "[s]tatements for [p]urposes of [m]edical [d]iagnosis or [t]reatment." The applicability of this rule to child sex abuse victims testifying to counselors, therapists and the like is beyond question. *See State v. Edward Charles L.,* 398 S.E.2d 123, 135 (W.Va. 1990) (providing that statements made by child sex abuse victims to psychologist in therapeutic context properly admitted). This Court is not inclined to abolish this well-established hearsay exception based on Petitioner's unsubstantiated conclusion that "[s]uch statements simply do not comport with the underlying logic of reliability."

The Court also does not believe that the expert's "profile" testimony violated Petitioner's due process rights. According to Petitioner, "in the absence of physical evidence, it is impossible to make a scientific determination that certain behavioral traits are indeed indicative of a certain event, of sexual abuse." But West Virginia already has in place evidentiary rules that establish the reliability of scientific testimony. The Court also notes that the ability of an expert to testify that a child fits the profile of a sex abuse victim or to give an opinion as to whether a child has been sexually abused is not without limitations. Such an opinion must be "based on objective findings" and may not state that the expert "personally believes the child" or that "the sexual assault was committed by the defendant." *Id.* at syl. Pt. 7. On balance, the Court finds that West Virginia's approach to such expert testimony does not violate the Fourteenth Amendment's Due Process Clause.

Third, to the extent that Petitioner argues that the trial court erred in admitting expert testimony supposedly pertaining to the expert's personal assessment of the victim's credibility, and that the Magistrate Judge improperly found such error not to be a violation of Petitioner's constitutional rights, the Court finds these arguments without merit because the expert offered no

such personal assessment.  Instead, she testified at length about how she subjected the victim's statements to her to various tests designed to ferret out lies.  At most, as the Magistrate Judge found, the expert's "testimony only inferentially bolstered the child's testimony," since the victim passed each of the expert's tests.  Therefore, even if portions of the expert's testimony bordered on inadmissibility, the Magistrate Judge was correct in determining that such testimony "does not rise to the level of a constitutional violation in this case."

Petitioner also claims that "the victim's teacher's testimony does in fact denied (sic) him the right to Equal Protection (sic) of law as guaranteed by the Fourteenth Amendment to the US (sic) Constitution."  He makes this statement at the beginning of his objection to the Magistrate Judge's findings, but then abandons any further discussion of the teacher's testimony.  The Court observes that the Magistrate Judge found that the teacher "clearly vouched for the child victim's credibility on a particular occasion," in possible violation of state evidentiary rules, but that that "testimony . . . did not infringe federal constitutional rights."  The Court has conducted its own review of the teacher's trial testimony and agrees with the Magistrate Judge's synopsis.  If an error occurred, it certainly was not one that "constitutes a failure to observe the fundamental fairness essential to the very concept of justice" or that "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Donnelly*, 416 U.S. at 642, 643.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's Objection and **ADOPTS** Magistrate Judge Taylor's Findings and Recommendation.

The Court **DIRECTS** the Clerk to send a copy of this written Order and Opinion to counsel of record and any unrepresented parties.

ENTER: October 31, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE